**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-02554 -WJM-SKC

JENNIFER DAWN HART AND GEOFFREY SABASTIAN HART

Plaintiff,

vs.

STATE FARM FIRE AND CASUALTY COMPANY

Defendant.

---

**DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER TO EXTEND THE EXPERT DISCLOSURE DEADLINES, DISCOVERY CUT-OFF DATE, AND DISPOSITIVE MOTION DEADLINE**

---

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its attorneys, Karen H. Wheeler, Jami A. Maul, and Sean T. Carlson of Wheeler Law, Professional Corporation, hereby submits the following Motion to Modify the Scheduling Order to Extend the Rebuttal Expert Disclosure Deadline, Discovery Cut-Off Date, and Dispositive Motion Deadline:

**CERTIFICATE OF CONFERRAL**

Counsel for the Defendant conferred with counsel for Plaintiffs, who oppose the relief requested in this Motion.

**MOTION**

1. This case arises from Plaintiffs' allegations that their home in Louisville, Colorado, as well as the personal property contained therein, was damaged as a result of smoke, soot, ash, char, and other contaminants emanating from the Marshall wildfire that began on December 30, 2021, as well as allegations relating to the ensuing insurance claim submitted to Plaintiffs' insurer, Defendant State Farm.

2. The nature and extent of remediation and repair to Plaintiffs' home and personal property that may be required as a result of this alleged damage are central issues in this case.

3. Prior to litigation, Plaintiffs submitted a "Smoke Testing Report" prepared by a company called "Certified Indoor Air Quality Professionals" ("CIAQP") to State Farm as part of their insurance claim. This report included a list of recommended remediation activities, including thorough cleaning with negative pressure areas using HEPA-filtered negative air machines, removal of burned materials and smoke residue, vacuuming of surfaces using a HEPA-filtered vacuum, cleaning of furnaces and ducts, placement of HEPA-filtered air scrubbers, and the use of MERV air filters, among other items. *See* **Exhibit A**, CIAQP Smoke Testing Report.

4. Notably, this report did not include any indication of contamination penetrating into the wall cavities, nor did the report indicate that drywall, OSB sheathing, interior wall insulation, the roof, or the siding of the home needed to be replaced. The report also did not indicate that any testing was done to see if any fire-related contamination had permeated these components of the home.

5. Subsequently, State Farm retained an industrial hygienist to inspect Plaintiff's home and conduct additional tests in order to assess the findings in CIAQP's "Smoke Testing Report." This industrial hygienist performed tests in the same or similar locations as the CIAQP tester in order to assess the findings in the CIAQP report. **Exhibit B**, J.S. Held Report.

6. Because the CIAQP report did not indicate any need for testing of the interior of the wall cavity, drywall, OSB sheathing, interior wall insulation, the roof, or the siding of the home, and because CIAQP did not state that any permanent, irremediable damage to these components of the home was sustained in connection with the Marshall fire, State Farm's retained industrial hygienist did not conduct intrusive testing of these items.

7. Plaintiff filed suit on September 30, 2022. In Paragraph 82 of their Complaint, Plaintiffs alleged that their home had sustained “not less than $318,383.25 in damage to the Dwelling” in connection with the fire. **Exhibit C**, Complaint.

8. The Scheduling Order [Doc. No. 12] in this matter, which was issued on December 7, 2022, currently provides for the following discovery deadlines:

a. Affirmative expert disclosures – March 16, 2023;

b. Rebuttal expert disclosures – April 20, 2023;

c. Discovery Cut-off – June 8, 2023; and

d. Dispositive Motion Deadline – June 29, 2023.

9. The Scheduling Order also indicated that at the time suit was filed, Defendant did not anticipate needing additional access to Plaintiff’s home for further testing.

10. However, on March 16, Plaintiffs disclosed two reports from designated retained expert witnesses, Dawn Bolstad-Johnson and Kyle Larson, which set forth their opinions regarding the recommended scope of remediations at Plaintiffs’ home and the projected costs of these remediations, respectively. [1]

11. Ms. Bolstad-Johnson’s report included new test results from additional testing performed at Plaintiffs’ home in January, 2023, including intrusive tests of interior insulation inside the wall cavity to test for whether any contaminants had penetrated through the wall. **Exhibit D**, Dawn Bolstad Johnson Report.

---

[1] This disclosure was provided on the same date as Plaintiffs’ written discovery responses, which relied heavily on the findings in these expert reports. The Plaintiffs’ written discovery responses were served seven weeks after written discovery was served, after Plaintiffs’ counsel requested (and was given) an extension of time for these responses.

12. Ms. Bolstad-Johnson's report recommended, for the first time, that the drywall, OSB sheathing, interior wall insulation, roof, and siding of the home needed to be replaced because of damage allegedly sustained in connection with the Marshall fire. These recommendations were not previously contemplated by any person disclosed to Defendant prior to Ms. Bolstad-Johnson's report.

13. After reviewing Ms. Bolstad-Johnson's report, Defendant's retained industrial hygiene expert has determined that additional testing at the site would be necessary to assess the validity of respond the findings in Ms. Bolstad-Johnson's report, including the results of the tests performed by her. Defendant has notified Plaintiffs that it is requesting to have its experts inspect the site for testing as soon as practicable, though Plaintiffs have not yet agreed to make the house available for an inspection, instead insisting that Defendant submit a Request for Inspection pursuant to Fed. R. Civ. P. 34. **Exhibit E**, Request for Inspection. Defendant served this Request concurrently with the present motion.

14. Kyle Larson's report stated that the estimated "replacement cost value" of the remediations and repairs listed in Ms. Bolstad-Johnson's report, including the replacement of all drywall, sheathing, insulation, roof, and siding, was $640,904.52, more than double what Plaintiffs had claimed at the outset of litigation. **Exhibit F**, Kyle Larson Report.

15. Defendant has also retained a cost-of-repair expert whose opinions will necessarily be tied to the industrial hygienist's findings regarding the scope of necessary remediation at Plaintiffs' home.

16. Therefore, although thirty-five days might have otherwise been enough time for Defendant to prepare rebuttal expert disclosures, Defendant's experts will not be able to complete reports that are fully responsive to the new testing and recommendations in Ms. Bolstad-Johnson's

report within this timeframe, despite exercising the utmost reasonable diligence. This is solely because of the scope of the new claims raised in Ms. Bolstad-Johnson's newly disclosed report.

17. Moreover, the additional testing performed by Ms. Bolstad-Johnson and the dramatically expanded scope of recommended repairs claimed by Plaintiffs, which was only recently disclosed for the first time, represents a significant change in circumstances and increase in complexity of the issues since the parties first submitted their proposed scheduling order in this matter, when Defendant did not anticipate that additional testing would be necessary.

18. The new factual circumstances that were not present at the time of the original scheduling order and the inability of State Farm's experts to inspect and test the property before the current rebuttal expert deadlines meet the "good cause" standard set forth in Fed. R. Civ. P. 16(b)(4) for modifications of the scheduling order. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) ("[The good cause] standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'") (citation omitted); *see also Circus Circus LV, LP v. AIG Specialty Ins. Co.*, 525 F. Supp. 3d 1269, 1279 (D. Nev. 2021), aff'd, No. 21-15367, 2022 WL 1125663 (9th Cir. Apr. 15, 2022) (holding that new facts revealed in discovery can constitute "good cause" for a modification under Rule 16.

19. Because a trial date has not yet been set, and because Plaintiffs filed suit only six months ago, Plaintiffs will suffer no prejudice from any modification to the scheduling order to extend existing deadlines.

20. To the extent Plaintiffs may argue that they are prejudiced by any delays in the litigation due to the status of the remediation at their house, any delays created by additional testing will be *de minimis* compared to other delays inherent in the litigation process.

21. It is further worth noting that Plaintiffs' own requests for extensions of time for written discovery responses, Plaintiffs' insistence that Defendant issue a formal request for inspection pursuant to Fed. R. Civ. P. 34 before agreeing to the inspection, and Plaintiffs' opposition to the present motion have all contributed delays in scheduling the necessary inspection and testing. Defendant has served a Fed. R. Civ. P. 34 request. A copy is attached as **Exhibit G**.

22. Accordingly, Defendant respectfully requests that the Scheduling Order be modified such that:

a. the Rebuttal Expert Disclosure Deadline is postponed from April 20, 2023 to Twenty-Eight Days after the inspection and testing has been completed; and

b. the Discovery Cut-Off date and Dispositive Motion Deadline are postponed by a corresponding number of days.

WHEREFORE, for the reasons set forth in this Unopposed Motion, Defendant respectfully requests that the Court enter an order modifying the Scheduling Order to extend the Rebuttal Expert Disclosure Deadline to Twenty-Eight Days after the date of the inspection of Plaintiffs' property and extending the Discovery Cut-Off and Dispositive Motion Deadline by a corresponding number of days.

DATED March 31, 2023.

Respectfully submitted,

s/ *Karen H. Wheeler*

Karen H. Wheeler
Wheeler Law, P.C.
5690 DTC Boulevard, Suite 240E
Greenwood Village, Colorado 80111
Telephone: (303) 221-4787
Office@wheeler5280.com

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-02554 -WJM-SKC

JENNIFER DAWN HART AND GEOFFREY SABASTIAN HART

Plaintiff,

vs.

STATE FARM FIRE AND CASUALTY COMPANY

Defendant.

---

## CERTIFICATE OF SERVICE

---

I hereby certify that on March 31, 2023, I electronically filed the foregoing **DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER TO EXTEND THE EXPERT DISCLOSURE DEADLINES, DISCOVERY CUT-OFF DATE, AND DISPOSITIVE MOTION DEADLINE** with the Clerk of Court for filing and uploading to the CM/ECF system and served by e-mail to the following:

Hennessy PLLC
Stephen H. Hennessy, Esq.
4450 Arapahoe Ave., Ste. 100
Boulder, CO 80303
Phone: (303) 630-9169
Email: shennessy@hennessypllc.com

Attorney for Plaintiffs

s/ *Karen H. Wheeler*
Karen H. Wheeler