**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-02554-WJM-SKC

JENNIFER DAWN HART and GEOFFREY SEBASTIAN HART,

Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER [ECF 21]**

---

Plaintiffs Jennifer Dawn Hart and Geoffrey Sebastian Hart, through their counsel, respectfully oppose Defendant State Farm Fire and Casualty Company's Motion to Modify the Scheduling Order. ECF 21.

**<u>FACTS</u>**

1. On December 30, 2021, the Marshall Fire caused extensive damage to the Harts' Home. *See* January 13, 2022 Verified Report of State Farm Adjuster Truong Nguyen, **Exhibit 1**:

   a. "Heavy ash and soot found on all levels of home and on majority of window sill and flooring."

   b. "Heavy debris in garage with large amounts of contents as well."

   c. "Hardwood floor on main level expanded and contracted due to heat causing heavy ash to become entrapped in the cracks."

   d. "Heavy ash and soot found throughout home."

e. "[D]ucts and vents compromised."

f. "Fire 2 houses down with 100+ mph gusts."

g. "Insulation in attic compromised."

2. State Farm has since inspected the Harts' Home **nine** times:

| | |
|---|---|
| January 13, 2022: | Truong Nguyen, State Farm Adjuster |
| January 27, 2022: | Jordan McCallister, State Farm Adjuster |
| March 2, 2022: | Marcus Bush, State Farm Adjuster |
| March 16, 2022: | Marcus Bush, State Farm Adjuster |
| March 30, 2022: | Kevin Vanderbrook, State Farm Engineer |
| July 13, 2022: | Jason Mossman, State Farm Industrial Hygienist |
| August 9, 2022: | Taylor Main, State Farm Adjuster |
| November 8, 2022: | State Farm's Counsel, Client Representative, Expert |
| April 6, 2023: | State Farm's Rebuttal Expert |

*See* Declaration of Geoffrey Sebastian Hart, **Exhibit 2**.

3. Beginning in March 2022, the Harts requested that State Farm send an expert to the Home to conduct testing and investigate the extent to which the fire particulate matter penetrated their property. *See id.*

4. State Farm declined. *See id.*

5. Accordingly, on or around April 27, 2022, the Harts asked a local fire and smoke damage technician to perform tests. *See* Certified IAQ Report, **Exhibit 3**.[1] Lab results indicated dioxins, heavy metals, and volatile organic compounds. *See id.*

[1] Lab results were not included in State Farm's exhibits. Lab results are included in the reports attached hereto.

6. In response, on July 13, 2022, State Farm finally sent an industrial hygienist to the Harts' Home to test for ash, soot, and char, and to rebut Certified IAQ's findings. *See* J.S. Held Report, **Exhibit 4**. State Farm's industrial hygienist completed his report on July 26, 2022. *Id.*

7. State Farm, however, did not disclose its industrial hygienist's report to the Harts. *See* Deposition of Geoffrey Sebastian Hart, **Exhibit 5**. The Harts asked State Farm to disclose this information. *Id.* For over two months, State Farm declined. *Id.*

8. Accordingly, on September 30, 2022, the Harts were forced to institute litigation, *see* ECF 1, and provided State Farm with notice of the same. *See* Litigation Notice, **Exhibit 6**.

9. On October 3, 2022, State Farm responded by sending the Harts' counsel a copy of its industrial hygienist's report and his lab results. *See* Letter from State Farm, **Exhibit 7**. Only then did the Harts learn that State Farm's industrial hygienist had confirmed elevated levels of ash, soot, and char inside their Home. *See* Exhibit 5. State Farm had been aware of this information since July 26, 2022, but never disclosed it to the Harts. *See* Exhibits 4 and 5.

10. At the onset of discovery, on November 8, 2022, the Harts, through their counsel, made their Home available for an **eighth** inspection by State Farm's representative, its counsel, and its expert. *See* Scheduling Order, ECF 12 at 7 ¶ 6(e). When the parties submitted the Scheduling Order, they stipulated that State Farm did not require further inspections. *See id.*

11. In the Scheduling Order, the parties further stipulated to an Affirmative Expert Disclosure Deadline of **March 16, 2023**, and a Rebuttal Expert Disclosure Deadline six weeks later, of **April 20, 2023**. *Id.* at 9 ¶¶ 9(d)(3) and (4).

12. On March 16, 2023, the Harts timely served their Affirmative Expert Disclosures on State Farm. Those disclosures included the report and lab results of industrial hygienist,

Dawn Bolstad-Johnson, MPH, CIH, CSP, FAIHA. *See* Report of Dawn Bolstad-Johnson, **Exhibit 8**. In addition to conducting testing on the surfaces throughout the Home, Ms. Bolstad-Johnson tested inside the wall cavities. *See id.* Ms. Bostad-Johnson confirmed the presence of fire particulate matter inside the wall cavities, which necessitates extensive remediation. *See id.*

13. Despite State Farm's prior stipulation that it did not require further inspections, on March 31, 2023, State Farm served the Harts with its request for a **ninth** inspection. *See* Request for Inspection, **Exhibit 9**. Therein, State Farm indicated that, **fifteen months** after the Marshall Fire, it finally wanted to test inside the Harts' walls. *See id.*

14. Although the Harts believe this **ninth** inspection was unreasonable, they provided State Farm with an expedited response, and promptly made their Home available to State Farm, again, on April 6, 2023. *See* Response to Request for Inspection, **Exhibit 10**; *see also* Exhibit 2.

## ARGUMENT

"A Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Pinto-Rios v. Brown*, Case No. 1:20-cv-03698-RMR-SKC, 2023 U.S. Dist. LEXIS 3589 at *17 (D. Colo. Jan. 9, 2023) (citing *Washington v. Arapahoe Cnty. Dept. of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (internal quotations omitted). "To the contrary, a scheduling order is an important tool necessary for the orderly preparation of a case for trial." *Id.* "A scheduling order may be amended only upon a showing of good cause." *Id.* (citing Fed. R. Civ. P. 16(b)(4)). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party." *Id.* "Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id.* (quoting *Colo. Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)).

State Farm has not been diligent. The condition of the Harts' Home has been at issue since December 30, 2021 when the Marshall Fire blazed through Louisville. The January 13, 2022 Verified Report of State Farm Adjuster Truong Nguyen made it clear to State Farm that the damage to the Home was extensive. The need to investigate the extent to which the Harts' Home was penetrated by fire particulate matter should have been obvious to State Farm from the start.

After eight inspections, including three involving State Farm's specialized experts, State Farm stipulated that it did not require further inspections. Furthermore, State Farm stipulated to an Affirmative Expert Disclosure Deadline of **March 16, 2023**, and Rebuttal Expert Disclosure Deadline of **April 20, 2023**. Now, State Farm seeks to delay the Rebuttal Expert Disclosure Deadline, and the remaining deadlines in this case, on the grounds that its rebuttal expert, who inspected the Home on April 6, 2023, needs more time to rebut the opinions of Ms. Bolstad-Johnson. State Farm's rationale: Ms. Bolstad-Johnson tested inside the wall cavities and found fire particulate matter—something State Farm declined to do.

Over the past **fifteen months**, State Farm has had every opportunity to conduct comprehensive testing inside the Harts' Home. The Harts are exhausted by State Farm's repeated inspections and unreasonable delays. However, Rule 16(b) does not focus "on the bad faith of the movant." *Id.* at *17. And contrary to State Farm's argument that its requested delay is *de minimis*, Rule 16(b) does not focus on the "prejudice to the opposing party." *Id.* "Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order." *Id.* That State Farm declined to conduct comprehensive testing inside the Harts' Home during its eight prior inspections, and waited until March 31, 2023 to request a ninth inspection to test inside the walls, is not good cause to delay the administration of this case.

**CONCLUSION**

State Farm has not been diligent. This Court should deny State Farm's Motion to Modify the Scheduling Order [ECF 21].

Respectfully submitted April 10, 2023.

HENNESSY PLLC

*/s/ Stephen H. Hennessy*
Stephen H. Hennessy, Esq.
4450 Arapahoe Ave. Ste. 100
Boulder, CO 80303
(303) 630-9169
shennessy@hennessypllc.com

*Counsel for Plaintiffs Jennifer Dawn Hart and Geoffrey Sebastian Hart*

**CERTIFICATE OF SERVICE**

I certify that I caused the foregoing to be served on all counsel of record by CM/ECF.

HENNESSY PLLC

*/s/ Stephen H. Hennessy*
Stephen H. Hennessy, Esq.