1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CASE NO. 1:22-cv-02554-WJM-SKC

---

REMOTE VIDEOCONFERENCED DEPOSITION OF
GEOFFREY SEBASTIAN HART
March 22, 2023

---

JENNIFER DAWN HART AND GEOFFREY SABASTIAN HART,
Plaintiffs,
vs.
STATE FARM FIRE AND CASUALTY COMPANY,
Defendant.

---

Pursuant to Notice and the Colorado Rules of Civil Procedure, the remote videoconferenced deposition of GEOFFREY SEBASTIAN HART, called by Defendant, was taken on Wednesday, March 22, 2023, commencing at 9:28 a.m., in Boulder County, Colorado, by remote means before Dianna L. Buckstein, Registered Professional Reporter, appearing remotely from Denver County, Colorado.

2

REMOTE APPEARANCES

ON BEHALF OF PLAINTIFFS:

STEPHEN H. HENNESSY, ESQ.
Hennessy PLLC
4450 Arapahoe Avenue
Suite 100
Boulder, Colorado 80303
303.630.9169
shennessy@hennessypllc.com

ON BEHALF OF DEFENDANT:
SEAN T. CARLSON, ESQ.
Wheeler Law, P.C.
5690 DTC Boulevard
Suite 240E
Greenwood Village, Colorado 80111
303.221.4787
office@wheeler5280.com

3

I N D E X


DEPOSITION OF GEOFFREY SEBASTIAN HART

| EXAMINATION BY: | PAGE |
|---|---|
| Mr. Carlson | 5 |
| Mr. Hennessy | 186 |

| EXHIBITS | | INITIAL REFERENCE |
|---|---|---|
| Exhibit 1 | E-mail chain, Bates Numbers HART 001834 - HART 001846 | 48 |
| Exhibit 2 | Timeline | 62 |
| Exhibit 3 | Photographs of basement | 69 |
| Exhibit 4 | Plumbing invoice | 74 |
| Exhibit 5 | Report by Kevin Vanderbrook | 86 |
| Exhibit 6 | E-mail chain, dated 4/7/22, Bates Number HART 001831 | 87 |
| Exhibit 7 | Receipt from Certified IAQ Professionals, with attachment | 96 |
| Exhibit 8 | Letter from James Gottlieb, MD, dated 4/26/22; and letter from Boulder Medical Center, P.C., dated 6/20/22 | 105 |
| Exhibit 9 | JS\|Held report, dated July 2022 | 115 |
| Exhibit 10 | Video clip | 121 |


4


| EXHIBITS | | INITIAL REFERENCE |
|---|---|---|
| Exhibit 11 | Plaintiffs' Responses to Defendant's First Set of Written Discovery | 143 |
| Exhibit 12 | Report by Dawn Bolstad-Johnson, dated 2/24/23 | 145 |
| Exhibit 13 | Report by Kyle Larson, dated 3/15/23 | 150 |
| Exhibit 14 | Spreadsheet labeled Personal Property Inventory | 152 |
| Exhibit 15 | Report by Prism Electronics | 158 |
| Exhibit 16 | Spreadsheet labeled Coverage C Unpaid ALE Inventory | 166 |
| Exhibit 17 | Residential Lease Package, dated 1/1/23 | 172 |
| Exhibit 18 | One-page PDF Bates Number HART 1811 | 176 |
| Exhibit A | E-mail chain, Bates Numbers 001740 - 001758 | 187 |


(Exhibits provided electronically to the court reporter.)

not the depreciation amount. For example, if you have another wind or hail loss to the roof, we don't care how old the roof is. We just replace it.
A Yes. That's how he sold it to me.
Q And did you purchase your State Farm policy based on these representations from Mr. DiOrio?
A Yes, I did.
Q Was it your understanding that Mr. DiOrio was procuring a State Farm policy that was a complete replacement cost policy?
A That was my understanding.
Q Was it your understanding that the policy Mr. DiOrio procured for you provided that the age of the property did not matter?
A Yes. That was how he sold it.
Q And you ultimately purchased this policy, correct?
A Yes.
Q Mr. Carlson asked you about the Certified IAQ Professionals report?
A Yes, he did.
Q Did Certified IAQ Professionals conduct any sampling or testing inside the walls of your home?



A No, they did not.
Q Was that a service that Certified IAQ Professionals provided?
A No.
Q And to your knowledge, did State Farm conduct any testing or sampling inside the walls of your home?
A No, they did not.
Q Did State Farm ever discuss with you whether that's something that should be conducted?
A No.
Q Now, State Farm did send an industrial hygienist to inspect your home?
A Yes.
Q And that was JS|Held?
A Correct.
Q And when did that inspection take place?
A Early July.
Q Were you curious to find out the results of that inspection from State Farm's industrial hygienist?
A Yes, I was.
Q Before you filed this lawsuit, did State Farm ever provide the report from JS|Held to



you?
A No, they did not.
Q Did you ask for it?
A On multiple occasions.
Q You ultimately did receive that report from JS|Held?
A Yes.
Q You received it after you were forced to file a lawsuit against State Farm?
A That is correct.
MR. CARLSON: Form.
Q (By Mr. Hennessy) You previously testified that you had issues figuring out what State Farm's payments were for.
A Yes.
Q Did State Farm provide you with notice that they were issuing payments?
A I would get e-mails -- I would get e-mails saying they were sending me a check for a certain amount of money.
Q Did they tell you under which coverage, A, B, or C, that money was for?
A Yes. They'd tell me which category it fell under.
Q Did State Farm ever tell you in



writing what actual items of repair the money was for?
A For the initial estimates done by Dominic and Jordan there -- there was detailed descriptions given for -- for the repairs that they would cover.
Q So initially you did receive an estimate from State Farm in connection with the insurance payments they were making?
A Yes.
Q Thereafter, you continued to receive payments from State Farm, right?
A Yes.
Q Did those estimates -- did those payments come with a detailed estimate saying what they were for?
A I was merely told what category the payments were for. I requested more, but they could not provide details exactly what they were covering.
Q So you never received an itemized estimate showing what those supplemental payments were for?
A No. And the adjusters were not able to elaborate on it.
MR. HENNESSY: I have no further

questions for Mr. Hart.
I will return it to you, Mr. Carlson.
MR. CARLSON: I don't have any follow-up.
THE COURT REPORTER: Would you both like a copy of the transcript?
MR. CARLSON: Yes, please.
MR. HENNESSY: And, yes, Dianna, we would like a copy, PDF condensed. I don't need the original, and we don't need the exhibits, either. So just the transcript, PDF.
Whereupon, the within proceedings were concluded at 3:03 p.m. on March 22, 2023.
* * * * *



REPORTER'S CERTIFICATE

STATE OF COLORADO )
) ss.
COUNTY OF DENVER )

I, Dianna L. Buckstein, a Registered Professional Reporter within and for the State of Colorado, do hereby certify that previous to the commencement of the examination, the deponent verbally declared the testimony in this matter was under the penalty of perjury; that the said deposition was taken in machine shorthand by me at the time and place aforesaid and was thereafter reduced to typewritten form; that the foregoing is a true transcript of the questions asked, testimony given, and proceedings had.

I further certify that I am not employed by, related to, nor of counsel for any of the parties herein, nor otherwise interested in the outcome of this litigation.

IN WITNESS WHEREOF, I have affixed my signature this 3rd day of April, 2023.

___________________________
Dianna L. Buckstein, RPR
Concise Legal Reporting, Inc.
P.O. Box 27523
Denver, Colorado 80227



I, GEOFFREY SEBASTIAN HART, the deponent in the above deposition, do hereby acknowledge that I have read the foregoing transcript of my testimony and state under oath that it, together with any attached amendment to deposition pages, constitutes my sworn testimony.

______ I have made changes to my deposition.
______ I have NOT made any changes to my deposition.

__________________________
GEOFFREY SEBASTIAN HART

Subscribed and sworn or affirmed before me this ______ day of ____________, 20___.

_____________________________
Notary Public
Commission expires: _________



- AMENDMENT SHEET -

Deponent: GEOFFREY SEBASTIAN HART
Date of Deposition: March 22, 2023
Case: Hart v. State Farm Fire and Casualty Company
Case No. 1:22-cv-02554-WJM-SKC
The deponent wishes to make the following changes in the testimony as originally given:

| Page | Line | Change | Reason |
|---|---|---|---|
| ____ | ____ | ____________________ | ________________ |
| ____ | ____ | ____________________ | ________________ |
| ____ | ____ | ____________________ | ________________ |
| ____ | ____ | ____________________ | ________________ |
| ____ | ____ | ____________________ | ________________ |
| ____ | ____ | ____________________ | ________________ |
| ____ | ____ | ____________________ | ________________ |
| ____ | ____ | ____________________ | ________________ |
| ____ | ____ | ____________________ | ________________ |
| ____ | ____ | ____________________ | ________________ |
| ____ | ____ | ____________________ | ________________ |
| ____ | ____ | ____________________ | ________________ |
| ____ | ____ | ____________________ | ________________ |

Signature of Deponent: _______________________
Subscribed and sworn to before me this ____ day of __________, 2023.

Notary's signature ___________________
Notary's address___________________
My commission expires_________________

Concise Legal Reporting, Inc.
P.O. Box 27523
Denver, Colorado 80227
720-556-1109

April 3, 2023

Stephen H. Hennessy, Esq.
Hennessy PLLC
4450 Arapahoe Avenue
Suite 100
Boulder, Colorado 80303

Re: Deposition of GEOFFREY SEBASTIAN HART
Hart v. State Farm Fire and Casualty Company
Case No. 1:22-cv-02554-WJM-SKC

Dear Mr. Hennessy:

Enclosed please find the original amendment sheet and deponent's certificate for the above deposition. It was agreed you would arrange for signature by the deponent with your copy of the transcript.
After the amendment sheet and deponent's certificate are signed, please have both notarized and return to the deposing attorney within 35 days. Please forward copies to counsel of record and Concise Legal Reporting, Inc.
Thank you for your prompt attention to this matter.
Original transcript filed on _____________ with:
SEAN T. CARLSON, ESQ.
Wheeler Law, P.C.
5690 DTC Boulevard
Suite 240E
Greenwood Village, Colorado 80111
Sincerely,

Concise Legal Reporting, Inc.
cc: All counsel