**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-02554-WJM-SKC

JENNIFER DAWN HART and GEOFFREY SEBASTIAN HART,

Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

---

**PLAINTIFFS' EXPERT DISCLOSURES**

---

Plaintiffs Jennifer Dawn Hart and Geoffrey Sebastian Hart, through their Counsel, pursuant to Fed. R. Civ. P. 26(a)(2), respectfully disclose the witnesses who they may call at trial to present evidence under F.R.E. 702, 703, and/or 705.

**A. Retained Experts Disclosed Pursuant to Fed. R. Civ. P. 26(a)(2)(B)**

Plaintiffs disclose the following witnesses who have been retained or specially employed to provide expert testimony in this case:

1. Dawn Bolstad-Johnson, MPH, CIH, CSP, FAIHA. Ms. Bolstad-Johnson is qualified by knowledge, skill, experience, training, and/or education to provide testimony on the topics of industrial hygiene, environmental health, and fire science. A copy of Ms. Bolstad-Johnson's Curriculum Vitae is attached at Page 233 of her Report. Ms. Bolstad-Johnson's Expert Report is submitted herewith, which contains (i) a complete statement of all opinions she will express and basis and reasons for them, (ii) the facts or data considered by her when forming

them, (iii) any exhibits that will be used to summarize them, (iv) her qualifications, including a list of all publications authored in the previous 10 years, (v) a list of all other cases in which, during the previous 4 years, she testified as an expert at trial or by deposition, and (vi) a statement of the compensation to be paid for the study and testimony in the case.

2. Kyle Larson, Xactimate Level 2 Certified, Xactimate Certified Pricing Consultant. Mr. Larson is an independent consultant specializing in property and casualty insurance scope of repair and pricing. Mr. Larson is qualified by knowledge, skill, experience, training, and/or education to provide testimony on the topics of claims estimating and cost of repair. A copy of Mr. Larson's Curriculum Vitae is attached at Page 593 of his Report. Mr. Larson's Expert Report is submitted herewith, which contains (i) a complete statement of all opinions he will express and the basis and reasons for them, (ii) the facts or data considered by him when forming them, (iii) any exhibits that will be used to summarize them, (iv) his qualifications, including a list of all publications authored in the previous 10 years, if any, (v) a list of all other cases in which, during the previous 4 years, he testified as an expert at trial or by deposition, if any, and (v) a statement of the compensation to be paid for the study and testimony in the case.

**B. Non-Retained Experts Pursuant to Fed. R. Civ. P. 26(a)(2)(C)**

Plaintiffs disclose the following experts who have not been retained or specially employed to provide expert testimony in this case, but may be called at trial to present evidence under F.R.E. 702, 703, and/or 705.

1. Logan Blake. Mr. Blake may testify as to the damage caused by the Marshall Fire to the windows in Plaintiffs' Home, the necessity of repair, and the cost of repair. Mr. Blake was

a window installer in Colorado for 17 years and has extensive experience with all available products that are currently and have been historically installed along the Front Range. Mr. Blake may testify that the Marshall Fire's thermal damage and fire particulate matter penetration caused the windows to become damaged beyond repair. This testimony is expected to be consistent with the report he prepared, which is incorporated herein, and has been disclosed.

2. Pella Windows & Doors. A representative of Pella, including, but not limited to Tony Pricola, may testify as to the damage caused by the Marshall Fire to the windows in Plaintiffs' Home, the necessity of repair, and the cost of repair. Mr. Pricola is a window installer with Pella Windows & Doors. Pella may testify that the Marshall Fire's thermal damage and fire particulate matter penetration caused the windows to become damaged beyond repair. This testimony is expected to be consistent with the report and estimate he prepared, which is incorporated herein, and has been disclosed.

3. John Scarlata. Mr. Scarlata may testify as to the damage caused by the Marshall Fire to the heating system in Plaintiffs' master bathroom floor, the mechanics of said system, the necessity of repair, and the cost of repair. Mr. Scarlata is a contractor who is familiar with the heating system in Plaintiffs' floor. Mr. Scarlata may testify that fire particulate matter from the Marshall Fire penetrated the heating system in Plaintiffs' master bathroom floor, causing it to become damaged beyond repair, and that the cost of repair is not less than $5,150.00. This testimony is expected to be consistent with the estimate he prepared, which is incorporated herein, and has been disclosed.

4. Ture North Restoration. A representative of True North Restoration, including, but not limited to, Edwin Udhus and/or Leslie Kuhl, may testify as to the damage caused by the

Marshall Fire to the interior of Plaintiffs' Home, and the cost associated with cleaning and/or removing fire damage to the interior. Mr. Udhus and Ms. Kuhl are restoration professionals. True North may testify that the interior of the Home was damaged by the Marshall Fire. True North may testify that the cost to clean the interior is not less than $71,192.93. True North may testify that the cost to demolish damaged interior components is not less than $109,621.28. This testimony is expected to be consistent with the estimates they prepared, which have been disclosed.

5. Patton Plumbing. A representative of Patton Plumbing, including, but not limited to, Jason Patton, may testify as to the damage caused by the Marshall Fire (freezing pipes after power was cut) to the plumbing in Plaintiffs' Home, and the cost associated with restoring the damage. Mr. Patton is a plumber. Mr. Patton may testify that the plumbing was damaged by the Marshall Fire (freezing pipes after power was cut). Patton may testify that the cost to restore the plumbing is not less than $755.72. This testimony is expected to be consistent with the estimate he prepared, which is incorporated herein, and has been disclosed.

6. Colorado Deck Drain Experts. A representative of Colorado Deck Drain Experts, including, but not limited to, Brent Herbert and/or Corey Divine, may testify as to the damage caused by the Marshall Fire to the drainage system in Plaintiffs' rear deck, and the cost associated with restoring the damage. Mr. Herbert and Mr. Divine are deck installation professionals familiar with the the Dry B Lo system in Plaintiffs' deck. Colorado Deck Drain Experts may testify that the Deck's drainage system became damaged by the Marshall Fire. Colorado Deck Drain Experts may testify that the cost to restore the Deck is not less than

$12,789.00. This testimony is expected to be consistent with the estimate he prepared, which is incorporated herein, and has been disclosed.

7. Bee's Air Duct Cleaning. A representative of Bee's Air Duct Cleaning may testify as to the damage caused by the Marshall Fire to the Home's air ducts and furnace, and the cost associated with restoring the damage. Bee's Air Duct Cleaning is a air duct cleaning professional. Bee's Air Duct Cleaning may testify that the air ducts and furnace were damaged by the Marshall Fire. Bee's Air Duct Cleaning may testify that the cost to restore the air ducts is not less than $1,714.00. This testimony is expected to be consistent with the estimate he prepared, which is incorporated herein, and has been disclosed.

8. Simple Home Energy Solutions. A representative of Simple Home Energy Solutions, including, but not limited to, Robert Moreno, may testify as to the damage caused by the Marshall Fire to the Home's insulation, and the cost associated with restoring the damage. Mr. Moreno is a professional involved with insulation work. Simple Home Energy Solutions may testify that the insulation was damaged by the Marshall Fire. Simple Home Energy Solutions may testify that the cost to restore the insulation is not less than $26,402.25. This testimony is expected to be consistent with the estimate he prepared, which is incorporated herein, and has been disclosed.

9. Zenith Painting & Coatings. A representative of Zentih, including, but not limited to, Kyle Tomcak, may testify as to the damage caused by the Marshall Fire to the Home's surfaces, and the cost associated with restoring the damage. Mr. Tomcak is a painting professional. Zenth may testify that the surfaces were damaged by the Marshall Fire and/or that repair work / replacement may be involved with restoring other damage. Zenith may testify that

the cost to restore the surfaces is not less than $21,676.00. This testimony is expected to be consistent with the estimate he prepared, which is incorporated herein, and has been disclosed.

10. Rock N Roll Stoneworks, LLC. A representative of Stoneworks, including, but not limited to, Jason Beck, may testify as to the damage caused by the Marshall Fire to the driveway/patio area, and the cost associated with restoring the damage. Mr. Beck is a stoneworks professional. Stoneworks may testify that the driveway/patio area was damaged by the Marshall Fire. Stoneworks may testify that the cost to restore the driveway/patio area is not less than $18,975.00. This testimony is expected to be consistent with the estimate he prepared, which is incorporated herein, and has been disclosed.

11. Star Flooring & Design, LLC. A representative of Star Flooring, including, but not limited to, Lisa Norgard, may testify as to the damage caused by the Marshall Fire to the Home's flooring, and the cost associated with restoring the damage. Ms. Nogard is a flooring professional. Star may testify that the flooring was damaged by the Marshall Fire and/or that repair work / replacement may be involved with restoring other damage. Star may testify that the cost to restore the flooring is not less than $35,530.11. This testimony is expected to be consistent with the estimate she prepared, which is incorporated herein, and has been disclosed.

12. Certified IAQ Professionals. A representative of IAQ, including, but not limited to Jeanine Humphrey, may testify about the penetration of fire particulate matter caused by the Marshall Fire to Plaintiffs' Home, test results for said damage, and the appropriate course of action for restoring the damage. Ms. Humphrey is a member of the American Industrial Hygiene Association, and is an ACAC Council-Certified Fire and Smoke Damage Technician. IAQ may testify that Heavy Metals, VOCs, and Dioxins penetrated the Home, and that full remediation is

recommended to restore the Home to its pre-loss condition. This testimony is expected to be consisted with the report she prepared, which is incorporated herein, and has been disclosed.

13. Blue Kangaroo Packoutz of Denver. A representative of Blue Kanagroo, including, but not limited to, Jon Robles, may testify as to the damage caused by the Marshall Fire to the home's contents, and the cost associated with cleaning the contents (non-electronic). Mr. Robles is a contents professional. Blue Kangaroo may testify that the contents were damaged by the Marshall Fire. Blue Knagaroo may testify that the cost to clean the contents is not less than $75,658.48. This testimony is expected to be consistent with the estimate he prepared, which is incorporated herein, and has been disclosed.

14. Kappler Mechanical. A representative of Kappler Mechanical, including, but not limited to, Brent Monnin, may testify as to the damage caused by the Marshall Fire to the Home's HVAC system and/or the cost associated with restoring HVAC System. Mr. Monnin is an HVAC professional. Kappler may testify that the HVAC System was damaged by the Marshall Fire and/or that repair work / replacement may be involved with restoring other damage. Kappler may testify that the cost to restore the HVAC system is not less than $27,091.80. This testimony is expected to be consistent with the estimate he prepared, which is incorporated herein, and has been disclosed.

15. Prism Electronics / Electronic Restoration Services / Regal Restoration. A representative of Prism / ERS / Regal, including, but not limited to, Craig Jacobs, may testify as to the damage caused by the Marshall Fire to Plaintiffs' electronic contents, the salvageability of said contents, and the cost associated with restoring restorable electronic contents. Mr. Jacobs is an electronics restoration professional. Prism / ERS / Regal may testify that certain electronics

were damaged but can be restored, and that certain electronics were damaged beyond repair and/or not salvageable. Prism / ERS/ Regal may testify that the cost associated with restoring the restorable electronics is not less than $10,621.20. This testimony is expected to be consistent with the estimate he prepared, which is incorporated herein, and has been disclosed.

16. Company Roofing & Exteriors. A representative of Company Roof & Exteriors, including, but not limited to Jon Feltwell, may testify as to the cost to repair Plaintiffs' roof, which is necessary because of the fire particulate matter penetration to the underlying oriented strand board (OSB). Mr. Feltwell is a roofing professional. Company may testify that the cost to restore the roof is not less than $55,248.14. This testimony is expected to be consistent with the estimate he prepared, which is incorporated herein, and has been disclosed.

17. Lifetime Windows & Siding. A representative of Lifetime Windows & Siding, including, but not limited to Dave Thomas, may testify as to the cost to restore Plaintiffs' siding, which is necessary because of the penetration by fire particulate matter inside the Home's walls. Mr. Thomas is a siding professional. Lifetime may testify that the cost to restore the siding is not less than $81,611.00. This testimony is expected to be consistent with the estimate he prepared, which is incorporated herein, and has been disclosed.

18. Spa Brokers. A representative of Spa Brokers, including, but not limited to, Wes Romano, may testify as to the damage caused by the Marshall Fire to Plaitniffs' Spa, and the cost of service and/or replacement. Mr. Romano is a spa professional who is familiar with the spa system owned by the Harts. Spa Brokers may testify that the Spa may need to be serviced and/or replaced. Spa Brokers may testify that the cost to service the Spa is not less than $354.99. Spa Brokers may testify that the cost to replace the Spa is not less than $28,117.08. This testimony is

expected to be consistent with the estimate he prepared, which is incorporated herein, and has been disclosed.

19. Dr. James Gottlieb, M.D. Dr. Gottlieb may testify about the medical necessity that Plaintiffs' minor son, Nathaniel, not be exposed to environmental pollutants and irritants accumulated in the Home after the Marshall Fire. Mr. Gottlieb is a medical doctor and board certified pediatrician. Dr. Gottlieb may testify that it is imperative for his health to have his home remediated for complete decontamination, sanitation and odor removal. This includes replacement of textiles and soft contents. This testimony is expected to be consistent with the letter he prepared, which is incorporated herein, and has been disclosed.

20. Dr. Kristen Geiger, M.D. Dr. Geiger may testify about the medical necessity that Plaintiffs' minor daughter, Makenna, not be exposed to environmental pollutants and irritants accumulated in the Home after the Marshall Fire. Dr. Geiger is a medical doctor and board certified pediatrician. Dr. Geiger may testify that it is imperative for her health to have her home remediated for complete decontamination, sanitation and odor removal. This includes replacement of textiles and soft contents. This testimony is expected to be consistent with the letter she prepared, which is incorporated herein, and has been disclosed.

21. The Colorado Division of Insurance. A representative of the Division of Insurance, including, but not limited to, Commissioner Michael Conway. Michael Conway is the Commissioner of Insurance in Colorado. The DOI may testify as to the regulations, bulletins, and guidance that apply to Marshall Fire claims handling. This testimony is expected to be consistent with the regulations, bulletins, and guidance the Division promulgated, which is incorporated herein, and have been disclosed.

22. State Farm Fire and Casualty Company. A representative of State Farm, including, but not limited to, Trong Nguyen, Jordan McCallister, Marcus Bush, Richard Grabowski, Taylor Main, and/or State Farm's 30(b)(6) designee, may testify as to State Farm's claims handling guidelines and industry standards for adjusting insurance claims. The foregoing are claims adjusters employed by or retained by State Farm. This testimony is expected to be consistent with the testimony to be solicited in discovery, claims handling guidelines, training materials, and/or other information disclosed by State Farm.

**RESERVATION OF RIGHTS**

Plaintiffs reserve the right to amend, correct, and/or supplement these Expert Disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(E) and (e).

Respectfully submitted March 16, 2023.

HENNESSY PLLC

*/s/ Stephen H. Hennessy*
Stephen H. Hennessy, Esq.
4450 Arapahoe Ave. Ste. 100
Boulder, CO 80303
(303) 630-9169
shennessy@hennessypllc.com

*Counsel for Plaintiffs Jennifer Dawn Hart and Geoffrey Sebastian Hart*

**CERTIFICATE OF SERVICE**

I certify that on March 16, 2023, I caused the foregoing to be emailed to Counsel for Defendant at: karen@wheeler5280.com; jami@wheeler5280.com; sean@wheeler5280.com; chally@wheeler5280.com; stephanie@wheeler5280.com. I certify that I caused the referenced Expert Reports to be served on the same by Electronic File Transfer.

HENNESSY PLLC

*/s/ Stephen H. Hennessy*
Stephen H. Hennessy, Esq.